[36 NYS3d 913]

In the Matter of ROBERT PRIGNOLI, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 31, 2016

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Robert Prignoli*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

By order filed March 4, 2016 (224 NJ 263, 131 A3d 412 [2016]), the Supreme Court of New Jersey publicly reprimanded the respondent for violation of New Jersey Rules of Professional Conduct (hereinafter RPC) rules 1.3 (lack of diligence), 1.4 (b) (failure to keep a client reasonably informed about the status of a matter) and 1.15 (b) (failure to promptly deliver to the client or third party any funds that the client or third party is entitled to receive).

The New Jersey Office of Attorney Ethics (hereinafter the OAE) filed a motion for discipline by consent based on a stipulation signed by the OAE and the respondent dated October 15, 2015, wherein it was agreed that the respondent violated RPC rules 1.3, 1.4 (b) and 1.15 (b). The parties further agreed that the conduct warranted either a reprimand or lesser discipline.

By letter dated February 26, 2016, the Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter the DRB) reviewed the OAE's motion, granted the motion, and determined that a reprimand was warranted. The underlying misconduct, as revealed in that letter, is as follows:

The respondent represented three buyers in the purchase of residential real estate located in New York, owned by Mary Abernathy. A title search conducted by Icon Abstracts Solutions, Inc. (hereinafter Icon), of which the respondent was a co-owner, revealed three "ancient" mortgages. Consequently, the parties to the transaction agreed that Icon would hold $33,000 from the sale proceeds in escrow until the mortgages were discharged and title cleared. New York had in place a statutory framework to discharge such "ancient" mortgages of record. Abernathy, who later died, and her son retained the respondent to clear title on the property. During the course of his representation for that purpose, the respondent did not exercise due diligence, causing the unopposed action to quiet title to unnecessarily span over two years. During that time period, he refused to respond to reasonable questions posed on behalf of Abernathy's estate by her children (one of whom was her executor) and the estate's attorney. Moreover, the respondent took the position with the estate's new attorney that he "had never held any escrow monies on behalf of Mary," ignoring his principal ownership of Icon and his related fiduciary duties. Additionally, he attempted to demand payment of an additional $500 in legal fees for his "continued cooperation"—presumably the necessary instruction to Icon to disburse Abernathy's escrow funds.

By order filed March 4, 2016, the Supreme Court of New Jersey publicly reprimanded the respondent for violation of RPC rules 1.3, 1.4 (b) and 1.15 (b), and directed the respondent to reimburse the Disciplinary Oversight Committee for the appropriate administrative costs and actual expenses incurred in the prosecution of the matter.

On May 18, 2016, the Grievance Committee served the respondent, by regular mail, on consent, with a copy of the notice.

The respondent has submitted a letter response dated June 3, 2016, wherein he asks for the imposition of the lightest sanction. He acknowledges that he stipulated to the above findings. Nonetheless, he wishes to note that the New Jersey disciplinary authorities were "incapable of adequately judging the pace of a Queens County adjudication," suggesting that the delay was attributable to the court system and the "glacial pace" at which it operates. The respondent concedes that he should have been more communicative with his clients. He accepts responsibility for his actions, noting in mitigation that he has practiced law for 25 years and has had "very few" complaints filed against him during that stretch of time.

Based on the findings of the Supreme Court of New Jersey, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is publicly censured.

ENG, P.J., DILLON, BALKIN, LEVENTHAL and SGROI, JJ., concur.

Ordered that the Grievance Committee's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Robert Prignoli, is publicly censured for his professional misconduct.